IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY M. BEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-25 (JCH) |
| | ) | |
| CINTAS CORPORATION NO. 2, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Gregory M. Beaver's Motion to Remand (Doc. No. 15), filed June 13, 2007. The matter is fully briefed and ready for a decision.

## **BACKGROUND**

Plaintiff worked at Pace Industries, Inc. ("Pace") in Monroe City, Missouri. (Pet., Doc. No. 2 ¶¶ 9-10.). Pace does business under the fictitious name Leggett & Platt Aluminum Group and is the wholly-owned subsidiary of Leggett & Platt, Inc. ("Leggett"). (Pet. ¶ 24; Reply, Doc. No. 18 Ex. C). Pace's main business is aluminum die casting. (Pet. ¶ 11.).

One portion of the die casting process involves dipping a large, cast iron ladle into a melt pot of molten aluminum. The ladle then pours the metal into a sleeve that injects it into a die. (Id. ¶ 13-15). The ladle requires weekly maintenance to remove aluminum build up. (Id. ¶ 16). First, the hardened aluminum is removed by chipping it off with various hand tools. (Id. ¶ 17-18). Next, the ladle is dipped in molten aluminum to prepare it for a special ceramic coating it receives. (Id. ¶ 19-20). Finally, the coating is sprayed onto the ladle. (Id.).

Plaintiff's job required him to help with the weekly maintenance of the ladle. Specifically, he had to manually dip the ladle into a melt pot of molten aluminum. (Id. ¶ 17).

While performing this task, he wore protective clothing to prevent being splashed by the molten aluminum. (Id. ¶¶ 35, 47-49). Initially, Plaintiff wore a cotton uniform and a heavy wool overcoat to protect against being burned by the splashes. (Id. ¶ 51.). Pace, however, switched to new uniforms, made out of the fire-resistant fabric "Vinex" that Cintas Corporation No. 2 ("Cintas") manufactures. (Id. ¶ 50). Joe Jorgensen ("Jorgensen"), Pace's safety officer, told Plaintiff that the Vinex uniforms made wearing the wool overcoat unnecessary. (Id. ¶ 52.).

On November 9, 2004, Plaintiff was manually dipping a ladle into molten aluminum when it splashed him and burned his upper body. (Id. ¶ 56.). He filed a claim for workers' compensation on July 29, 2005 against Leggett & Platt Aluminum Group. (Reply, Doc. No. 18 Ex. B). He recovered approximately $150,000 on this claim, which was settled on October 27, 2006. (Resp., Doc. No. 17 Ex. A). The Stipulation for Compromise Settlement ("Agreement") listed "Leggett + Platt/Pace Ind." as his employer. (Id.).

Plaintiff brought this action on April 4, 2007 in the Circuit Court of Monroe County, Missouri. The Petition named Cintas and Leggett as Defendants. (Pet. pg. 1). It also named three of his co-workers, Jorgensen, David Skaggs, and Sandy Kelley, as Defendants. (Id.). It contained a variety of negligence and breach of warranty claims. (Id. pp. 8-13). Aside from Cintas, every other party is a citizen of Missouri. (Id. ¶ 1-6). On May 14, 2007, Defendants filed a Notice of Removal (Doc. No. 2) asserting this Court had diversity jurisdiction, despite the clear lack of diversity on the Petition's face.[1] Cintas claims that diversity jurisdiction exists because the Missouri defendants are fraudulently joined. (Notice of Removal, Doc. No. 2). On June 13, 2007, Plaintiff filed the instant Motion to Remand, asserting diversity jurisdiction does not exist

---

[1] 28 U.S.C. § 1332 requires complete diversity of citizenship, meaning no plaintiff can be a citizen of the same state where any defendant holds citizenship. See OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

because Defendants Leggett, Jorgensen, and Kelly were not fraudulently joined.[2] (Mot. to Remand, Doc. No. 15).

## **MOTION TO REMAND STANDARDS**

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the Court's jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Manning v. Wal-Mart Stores E., Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

## **DISCUSSION**

Cintas alleges that Leggett, Jorgensen, and Kelley are all fraudulently joined. Specifically, Cintas alleges that Plaintiff is barred from bringing suit against Leggett by the Missouri Workers' Compensation Laws, Mo. Rev. Stat. § 287.010 et seq. ("Act"). It also alleges that Jorgensen and Kelley are fraudulently joined because Leggett's immunity from suit extends to them. Conversely, Plaintiff contends that the Act does not bar this suit because Leggett is not his employer.

This Court has held that "[i]t is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined." Parnas v. Gen. Motors Corp., 879 F. Supp. 91, 92 (E.D. Mo. 1995) (citations omitted). Furthermore, this Court has held "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant, or when the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant." Wiles v. Capitol Indem. Corp., 75 F.

---

[2] The parties agree that David Skaggs should be dismissed without prejudice. (Resp., Doc. No. 17 pg. 1).

Supp. 2d 1003, 1005 (E.D. Mo. 1999) (citing Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 187 (E.D. Mo. 1995)). The burden of proof on the issue of fraudulent joinder rests with the removing party. Pender v. Bell Asbestos Mines, Ltd., 145 F. Supp. 2d 1107, 1111 (E.D. Mo. 2001).

The Eighth Circuit has enunciated the following standards apply in considering a claim of fraudulent joinder:

> Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.".... However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted). In making this inquiry, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. at 811 (citing Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999)). Furthermore, where the sufficiency of the complaint against a non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state court to decide." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977).

### 1. **The Missouri Workers' Compensation Laws**

In Missouri, the Act is an employee's exclusive remedy against an employer for injuries sustained at work. See Mo. Rev. § 287.120.1. The Act defines "employer" as follows:

> Every person, partnership, association, corporation, limited liability partnership or company, trustee, receiver, the legal representatives of a deceased employer, and every other person, including any person or corporation operating a railroad and any public service corporation, using the service of another for pay.

Mo. Rev. Stat. § 287.030.1(1). It defines "employee" as:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Mo. Rev. Stat. § 287.040.1. A worker is considered an employee under the Act when: (1) the work is performed pursuant to a contract; (2) the injury occurs on our about the premises of the employer; and (3) the work is in the usual course of business of the employer. see Bass v. Nat'l Super Markets, Inc., 911 S.W.2d 617, 619-620 (Mo. 1995). Additional factors used to determine whether the above elements are met include: the right of the employer to control the worker; the right of the employer to replace the worker; whether the work was incidental to the business rather than in furtherance of the usual course of business; and whether the work was "isolated occasional speciality work." See Looper v. Carroll, 202 S.W.3d 59, 62 n. 4 (Mo. Ct. App. 2006). Missouri enacted § 287.040 "to prevent employers from circumventing the requirements of the Act by hiring independent contractors to perform work the employer would otherwise perform." Bass, 911 S.W.2d at 619.

Because this Act "is in derogation" of the common law, the Court must strictly construe it "where common law rights and remedies are affected." Porter v. Erikson Transp. Co., 851 S.W.2d 725, 736 (Mo. Ct. App. 1993). Missouri courts have applied this principle of strict

construction and held that the Act does not prevent an employee from bringing a negligence claim against a subsidiary of his employer. Boswell v. May Centers, Inc., 669 S.W.2d 585, 585-87 (Mo. Ct. App. 1984); Canady v. Crystal Dev. Corp., 756 S.W.2d 607, 612 (Mo. Ct. App. 1988).

### 2. Leggett Does Not Meet the Requirements of § 287.040

Cintas alleges that Plaintiff cannot maintain an action against Leggett because Plaintiff is its employee, as defined by the Act. Plaintiff responds that an employee of a wholly-owned subsidiary is not the employee of a parent corporation.

Upon consideration, the Court finds § 287.040.1 does not prevent Plaintiff from making a colorable claim under Missouri law. Notably, no case has decided whether an employee of a wholly-owned subsidiary is considered an employee of the parent corporation under § 287.044.1. The reasoning of some Missouri cases suggests that the employee of a wholly-owned subsidiary is not an employee of the parent corporation under the Act. See Canady, 756 S.W.2d at 612; Boswell, 669 S.W.2d at 585-87.

The Act's plain language, as well as the reason for its enactment, also undermine Cintas' argument. In Missouri, the general rule of statutory construction requires a court to "determine the intent of the legislature based on the plain language used and to give effect to this intent whenever possible." Care & Treatment of Schottel v. State, 159 S.W.3d 836, 841-42 (Mo. 2005). When ascertaining legislative intent, the Court should examine the "words used in the statute, the context in which the words are used, and the problem the legislature sought to remedy by the statute's enactment." Id. Section 287.040.1's plain language only discusses the relationship between contractors and employer, not parent corporations and their subsidiaries. Additionally, it was not enacted to address liability of related corporate entities. Rather, it was enacted to address

the problem of employers using independent contractors to avoid liability under the Act. See Bass, 911 S.W.2d at 621-22. As such, Plaintiff has a reasonable basis in law and fact to believe that a Missouri court would impose liability on Leggett. Capitol Indem. Corp., 75 F. Supp. 2d at 1005; see Iowa Pub. Serv., 556 F.2d at 406 (holding it is the "better practice" for federal courts to remand questionable complaints and allow state courts to decide them).

### 3. The Agreement Did Not Make Plaintiff the Employee of Leggett

Cintas alternatively asserts that Leggett is fraudulent joined because the Agreement states that Leggett was Plaintiff's employer. Plaintiff counters that the Agreement only lists Pace as his employer.

Upon consideration, the Court finds that Plaintiff has a reasonable basis for claiming that the Leggett is not listed as his employer in the Agreement. Although the "Leggett & Platt/Pace Ind." language in the Agreement is ambiguous, the Court resolves all factual doubts in favor of Plaintiff. Filla, 336 F.3d at 811 As such, the Agreement states that only Pace is Plaintiff's employer.

Because Cintas has not shown that Leggett was fraudulently joined, no diversity jurisdiction exists because Plaintiff and Leggett are both citizens of Missouri. See Bochert, 486 F.3d at 346 (discussing complete diversity rule).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 15) is **GRANTED**. A separate order of remand will accompany this Order.

Dated this 30th day of July, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE